## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREUD LABARRIERE,

      Petitioner,

    v.

CLAIR DOLL, *et al.*,

      Respondents.

No. 4:19-CV-00309

(Judge Brann)

## MEMORANDUM OPINION

### DECEMBER 16, 2019

Presently before the Court is the petition for a writ of habeas corpus of Petitioner Freud Labarriere filed pursuant to 28 U.S.C. § 2241 in which he seeks a bond hearing to remedy his allegedly unconstitutional prolonged immigration detention.[1] Following an order to show cause, the Government filed a response to the petition as well as an update to Petitioner's immigration status.[2] Petitioner has filed no reply. For the reasons set forth below, this Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner is a native of Haiti who entered this country as a permanent resident on October 26, 1989.[3] Petitioner was thereafter convicted of various crimes

---

[1] ECF No. 1.
[2] ECF Nos. 6, 7.
[3] ECF No. 1 at 1.

including disorderly conduct, driving under the influence, and possession of marijuana and drug paraphernalia.[4] In addition to these convictions and various other arrests, Petitioner also has many traffic and non-traffic citations, for which some bench warrants have been issued.[5]

On July 27, 2018, ICE arrested Petitioner as a result of a targeted operation.[6] At the time of his arrest, Petitioner's vehicle emitted a strong odor of burnt marijuana and Petitioner was in possession of marijuana.[7] ICE contacted both local law enforcement and the Lancaster County Sheriff's Office who advised that it had eight active bench warrants totaling more than $20,000.[8] ICE placed a detainer on Petitioner and transported him to the Lancaster County Prison to answer for his outstanding warrants.[9]

On August 21, 2018, ICE regained custody of Petitioner and commenced removal proceedings after Petitioner posted bail on his two most recent DUI arrests.[10] On that day, ICE issued a Notice to Appear charging Petitioner as removable pursuant to § 237(a)(2)(B)(i) of the Immigration and Nationality Act

---

[4]  ECF No. 6 at 1-2.
[5]  *See id.* at 3-4.
[6]  *Id.* at 4.
[7]  *Id.*
[8]  *Id.*
[9]  *Id.*
[10]  *Id.*

("INA") as an alien convicted of an aggravated felony offense where he, as an alien, violated any law related to a controlled substance.[11]

At Petitioner's December 4, 2018 hearing on his application for relief from removal, the immigration judge granted Petitioner cancellation of removal.[12] On December 11, 2018, the Department of Homeland Security ("DHS") appealed that decision to the Board of Immigration Appeals ("BIA").[13] On February 7, 2019, the BIA remanded the appeal because the audio tapes of the hearing were not provided with the administrative record.[14] On or about February 28, 2019, the audio recording had been located and the case was resubmitted to the BIA.[15]

Since that resubmission, the BIA has sustained DHS's appeal and ordered Petitioner removed.[16] Petitioner appealed that decision by filing a petition for review and a motion for stay with the United States Court of Appeals for the Third Circuit.[17] The Third Circuit then granted a temporary stay of removal pursuant to a standing practice order.[18] On October 23, 2019, the Third Circuit vacated the temporary stay and denied his motion to stay removal.[19] According to the Respondents, that denial

---

[11]  *Id.* at 4-5.
[12]  *Id.* at 5.
[13]  *Id.*
[14]  *Id.*
[15]  *Id.*
[16]  *See* ECF No. 7 at 1.
[17]  *See id.*; *Labarriere v. Att'y Gen.*, No. 19-2874 (3d Cir. 2019).
[18]  *Id.*
[19]  *See id.* at 1-2.

3

triggered the start of the removal period on October 23, 2019, and Petitioner shifted on that date to post-final order detention status pursuant to § 241(a) of the INA.[20]

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."[21]  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."[22]  As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims.[23]

### B.  Analysis

In his habeas petition, Petitioner contends that his ongoing immigration detention in the absence of a bond hearing violates his right to Due Process.  In order to evaluate this claim, the Court must preliminarily determine the statutory basis for Petitioner's detention as that basis controls Petitioner's entitlement to relief.  While

---

[20]   *See id.* at 2 (citing 8 U.S.C. § 1231(a), and *Leslie v. Att'y Gen.*, 678 F.3d 265, 270 (3d Cir. 2012)).

[21]   28 U.S.C. § 2241(c)(3).

[22]   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

[23]   *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973).  *See also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

Petitioner contends that he is subject to detention under 8 U.S.C. § 1226(c), which applies to aliens with certain types of criminal convictions prior to the issuance of a final order of removal, the Government now argues that Petitioner is subject to a final order of removal and is therefore subject to detention under the post-final order detention statute, 8 U.S.C. § 1231(a).

In this matter, although Petitioner was initially granted relief by an immigration judge, the BIA ordered Petitioner removed to Haiti by way of a decision issued on July 19, 2019. Such an order, when entered by the BIA in the absence of a remand, constitutes an administratively final order of removal.[24] Once an alien is subject to an administratively final removal order, his detention is authorized by 8 U.S.C. § 1231(a) unless and until the alien seeks judicial review of his removal order and the Court of Appeals having jurisdiction over his petition for review grants him a stay of removal.[25] If the alien seeks and is granted a stay by the Court of Appeals, his detention reverts to pre-final order status, and the alien returns to detention pursuant to 8 U.S.C. § 1226.[26] It is the grant of a stay by the Court of Appeals, however, and not simply the filing of a request or motion for a stay, which alters an alien's status.[27]

---

[24]  *See* 8 C.F.R. § 1241.1(a) (order of removal becomes final upon final decision on appeal by BIA).

[25]  *See, e.g.*, 8 U.S.C. § 1231(a)(1)(B)(ii) (delaying start of § 1231 detention where "the removal order is judicially reviewed and . . . a court orders a stay of the removal of the alien"); *Leslie*, 678 F.3d at 268-70.

[26]  *Leslie*, 678 F.3d at 268-70.

[27]  *Id.* at 268-70.

Here, the BIA ordered Petitioner removed by way of its July 19, 2019 decision. As that decision is administratively final, Petitioner is subject to § 1231 detention unless and until he both seeks review of the BIA's decision in the Court of Appeals and is granted a stay of removal by the Court of Appeals. Although Petitioner has filed a petition for review and a motion for a stay in the Third Circuit, which was temporarily granted by a standing practice order, the Third Circuit denied his motion for a stay on October 23, 2019. The statutory language on which the Third Circuit based its decision in *Leslie* is clear that the start of the removal period, and in turn the onset of § 1231 detention will only be delayed if an alien's removal order is judicially reviewed and "a court orders a stay of the removal order."[28] Thus, because Petitioner is subject to an administratively final removal order in the form of the BIA's July 19, 2019 decision and the denial of the requested stay by the Third Circuit on October 23, 2019, Petitioner remains detained pursuant to 8 U.S.C. § 1231(a).

Because Petitioner is subject to detention under § 1231(a), the propriety of his detention is controlled by the Supreme Court's decision in *Zadvydas* and the Third Circuit's decision in *Guerrero-Sanchez v. Warden York County Prison*.[29] As the Supreme Court has explained,

> Under [§ 1231(a)], when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, 8

---

[28] 8 U.S.C. § 1231(a)(1)(B)(ii).
[29] 905 F.3d 208, 225-26 (3d Cir. 2018).

U.S.C. § 1231(a)(1)(A), and the alien must be detained during that period, § 1231(a)(2). After that time elapses, however, § 1231(a)(6) provides only that aliens "may be detained" while efforts to complete removal continue.

In *Zadvydas*, the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond "a period reasonably necessary to secure removal," and it further held that six months is a presumptively reasonable period. After that, the Court concluded, if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien.[30]

Pursuant to *Zadvydas*, any challenge to § 1231(a) detention by an alien who has been detained pursuant to § 1231(a) for less than six months must be dismissed as prematurely filed.[31] Although the Third Circuit has provided an alternative avenue for relief in the form of a bond hearing for those aliens whose detention under § 1231(a) has become prolonged, the Third Circuit, too, has recognized that such challenges may not be brought until the alien has been held under § 1231(a) for at least six months.[32]

Zadvydas and *Guerrero-Sanchez* thus make clear that an alien detained pursuant to § 1231(a) must be held during the statutory ninety-day removal period and that he may not challenge his detention under § 1231 until the presumptively reasonable six-month period flowing from that removal period has expired. Because

---

[30] *Jennings v. Rodriguez*, —— U.S. ——, 138 S. Ct. 830, 843 (2018) (internal case citations omitted).

[31] *Jennings*, 138 S. Ct. at 843; *Zadvydas*, 533 U.S. at 701.

[32] *See Guerrero-Sanchez*, 905 F.3d at 225-26.

Petitioner is well within the removal period, his challenge to his current immigration detention is thus premature. Petitioner's petition is therefore denied.[33]

## III.   CONCLUSION

For the reasons set forth above, the Petition will be DENIED.  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[33] Because petitioner is now detained pursuant to § 1231(a), any challenge to his previous detention under § 1226(c) is effectively moot as he is no longer detained under that statute and his detention cannot revert to § 1226(c) unless and until he is granted relief – in the form of a judicially ordered stay of removal at the very least – by the Court of Appeals. *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012); *Liang v. Lowe*, No. 1:CV-17-1735, slip op. at 7 (M.D. Pa. Aug. 31, 2018) (Rep. & Recom.), *adopted by*, No. 1:CV-17-1735 (M.D. Pa. Sept. 28, 2018) (holding that "a bond hearing at this stage of detention would be contrary to the detention provisions of § 1231.").